# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John A. Messinger and David M. Messinger, ) ) ) | |
| Plaintiffs, ) ) | C.A. No.: 2:17-cv-2412-PMD |
| v. ) ) | **ORDER** |
| John C. Rodriguez and Metropolitan Life Insurance Company, ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on Plaintiffs John and David Messinger's motion to remand (ECF No. 8). For the reasons stated herein, Plaintiffs' motion is granted.

## BACKGROUND

On February 17, 2014, Defendant John C. Rodriguez was driving a vehicle with his wife, Roberta Anne Rodriguez, in the passenger seat. The vehicle was involved in an accident, killing Roberta. Roberta was covered by a Federal Employees' Group Life Insurance ("FEGLI") policy. The FEGLI program is administered by the United States Office of Personnel Management ("OPM") and polices are issued by Defendant Metropolitan Life Insurance Company ("MetLife"). After Roberta's death, MetLife paid each Plaintiff $238,505.39 in accordance with an April 17, 2007 Designation of Beneficiary form. That form named Plaintiffs, her two sons, as beneficiaries in equal shares. According to MetLife, OPM later informed it of a subsequent Designation of Beneficiary form that Roberta signed on November 2, 2011. The later form provided that Defendant Rodriguez was entitled to 50% of the proceeds and Plaintiffs were entitled to 25% each. MetLife then paid Defendant Rodriguez a 50% share and sought to recover $119,282.72 from each Plaintiff, alleging this amount was an overpayment in light of the

newer designation. Plaintiffs filed this action in state court seeking a declaratory judgment that they are entitled to the full amount they have already received and have no obligation to return funds to MetLife. They base their claims in contract interpretation, negligence, misrepresentation, detrimental reliance, South Carolina common law, and S.C. Code Ann. § 62-2-803(c), a South Carolina law that prevents a person who feloniously and intentionally kills the decedent from collecting benefits under the decedent's life insurance policy.[1]

## PROCEDURAL HISTORY

MetLife removed this action from the Dorchester County Court of Common Pleas on July 17, 2017. Plaintiffs filed their motion to remand on September 29. MetLife filed a response in opposition on October 11.[2] Plaintiffs filed their reply on October 17. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of demonstrating jurisdiction resides with the party seeking removal. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" that removal implicates. *Id.* Thus, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.*; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should 'resolve all doubts about the propriety of

---

1. For brevity, state laws that prevent a person who killed the decedent from receiving money or property under the decedent's will, life insurance policy, or other contracts are herein referred to as "slayer statutes."

2. Defendant Rodriguez consented to removal but did not file a response in opposition to remand.

removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993))).

## **DISCUSSION**

A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, a cause of action 'arises under' federal law and removal is proper, only if a federal question is presented on the face of [the p]laintiff's properly pleaded complaint." *Dykema v. King*, 959 F. Supp. 736, 739 (D.S.C. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–12 (1983)). "[T]he vast majority" of federal question cases "are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal question jurisdiction also exists when a "plaintiff's right to relief depends upon the resolution of a substantial question of federal law." *Parker v. Metropolitan Life Ins. Co.*, 264 F. Supp. 2d 364, 366 (D.S.C. 2003); *see also Merrell Dow Pharm.*, 478 U.S. at 808. If a plaintiff's right to relief does not turn on some construction of federal law, or if the question of federal law is not substantial, then removal is improper and the case should be remanded. *Dixon*, 369 F.3d at 816. Further, there is a substantial federal question "only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Id.* (citing *Mulcahey*, 29 F.3d at 153).

MetLife has argued that this Court has jurisdiction for three reasons. First, in MetLife's notice of removal, it cited to 5 U.S.C. § 8715, which states, "The district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on this chapter." However, Plaintiffs do not bring their claim "against the United States," so this portion of the statute provides no support for the Court's jurisdiction. *See Parker*, 264 F. Supp.

3

2d at 366 n.1. In its brief, MetLife argues that Plaintiffs' claims raise a federal question and that Plaintiffs' state-law claims are preempted. Before turning to these arguments, a discussion of the interaction between preemption and federal question jurisdiction is instructive.

The courts distinguish between two types of preemption: ordinary conflict preemption and complete preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987); *Lontz v. Tharp*, 413 F.3d 435, 439–41 (4th Cir. 2005). Ordinary preemption occurs when federal law preempts conflicting state laws. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Ordinary preemption is "raised as a defense," *Caterpillar*, 482 U.S. at 392, and the Supreme Court has stated that it is "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393. Thus, ordinary preemption is not a valid basis for the Court to exercise its federal question jurisdiction.

By contrast, complete preemption does create federal question jurisdiction. *Lontz*, 413 F.3d at 441. Complete preemption occurs when federal law "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003) (finding complete preemption where federal law provides "the exclusive cause of action for such claims"). If there is complete preemption, "the federal claim is treated as if it appears on the face of the complaint . . . thereby justifying removal." *Lontz*, 413 F.3d at 441. "[C]omplete preemption thus prevents plaintiffs from 'defeat[ing] removal by omitting to plead necessary federal questions.'" *Id.* at 440 (quoting *Franchise Tax Bd.*, 463 U.S. at 22). Consistent with the strict construction of removal jurisdiction and the federalism concerns it raises, there is a presumption against finding complete preemption. *Id.*

4

## I. Whether Plaintiffs' Claims Raise a Federal Question

Plaintiffs acknowledge that the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701–16, regulates Roberta Anne Rodriguez's FEGLI policy and that FEGLIA controls the order of precedence of payment. Their complaint asserts a first cause of action based on the FEGLI policy contract; a second cause of action grounded in negligence, misrepresentation, and detrimental reliance; and a third cause of action based on South Carolina common law and the South Carolina slayer statute. They argue that the Court lacks federal question jurisdiction since it would not need to resolve conflicting interpretations of FEGLIA in order to address their claims. To establish federal question jurisdiction, MetLife must show that Plaintiffs' causes of action were created by federal law or that they necessarily depend on a question of federal law. *Merrell Dow Pharm.*, 478 U.S. at 808.

MetLife argues that the Court has jurisdiction because Plaintiffs' claims "arise under," 28 U.S.C. § 1331, FEGLIA. MetLife quotes *Mounts v. U.S.* for the assertion that a "FEGLIA policy is a contract issued pursuant to and governed by 5 U.S.C. §§ 8701–8716; thus, it is solely a creature of federal law." 838 F. Supp. 1187, 1192 (E.D. Ky. 1993). In *Mounts*, the children of a decedent with a FEGLI policy successfully claimed the benefits of the policy because the named beneficiary—the decedent's wife who killed him—could not collect the benefits as a matter of federal law. *Id.* at 1194. Though the case is factually similar, it is procedurally distinct. The plaintiffs asserted their rights under FEGLIA, presenting a federal claim on the face of their complaint. They also included the United States as a defendant, triggering original jurisdiction under 5 U.S.C. § 8715. As a result, jurisdiction was never contested.

The *Mounts* court noted that a FEGLI policy is "solely a creature of federal law" not with respect to a discussion about jurisdiction, but in a discussion about the preemption of conflicting

state laws. *Id.* at 1192. In that discussion, the court summarized the defendant's argument that FEGLIA preempted the plaintiffs' state-law claims, and quoted FEGLIA's conflict preemption provision, 5 U.S.C. § 8709(d)(1), which states:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

*See id.* at 1192 (quoting 5 U.S.C. § 8709(d)(1)). The *Mounts* court agreed with the defendant that a Kentucky slayer statute was preempted by FEGLIA, but that plaintiffs were still entitled to recover FEGLI benefits as a matter of federal common law. *Id.* at 1194. Thus, *Mounts* might support MetLife's argument that the South Carolina slayer statute is preempted by FEGLIA.

However, the preemption found in *Mounts*, is ordinary conflict preemption, not complete preemption. FEGLIA's preemption provision provides that any state laws that are inconsistent or conflict with FEGLI contractual provisions are preempted, 5 U.S.C. § 8709(d)(1), but it does not provide an "exclusive cause of action," *Beneficial Nat'l Bank*, 539 U.S. at 11, for the collection of FEGLI benefits. In *Moon v. BWX Technologies, Inc.*, the Fourth Circuit held that a very similar preemption provision in the Employee Retirement Income Security Act ("ERISA") created only ordinary conflict preemption. 498 F. App'x 268, 272 (4th Cir. 2012). The court explained, "Ordinary conflict preemption under ERISA § 514 is set forth in 29 U.S.C. § 1144(a): state laws are superseded insofar as they 'relate to' an ERISA plan." *Id.*; *see also Sonoco Prods. Co. v. Physicians Health Plan*, 338 F.3d 366, 371 (4th Cir. 2003) ("conflict preemption under § 514 does not provide a basis for federal jurisdiction"). The Court finds that FEGLIA's preemption provision similarly provides for ordinary conflict preemption rather than complete preemption. Thus, the fact that FEGLIA preempts some state-law claims, such as those

6

premised on state slayer statutes, creates a possible defense but does not give rise to federal question jurisdiction.

MetLife also relies on the Fourth Circuit's decision in *Bennett v. Office of Federal Employee's Group Life Insurance*, in which a *pro se* plaintiff brought claims for unfair dealing, bad faith, negligence, and fraud in connection with payments made under a FEGLI policy. 683 F. App'x 186 (4th Cir. 2017). Unlike in *Mounts*, subject matter jurisdiction was at issue in *Bennett*. *Id.* at 188. However, subject matter jurisdiction turned on sovereign immunity and mootness, *see id.*, which are not at play in the instant case. Before addressing subject matter jurisdiction though, the Fourth Circuit first had to "determine the nature of [the plaintiff's] claims." *Id.* at 187. The court then quoted FEGLIA's preemption statute, analogized it to ERISA § 514,[3] and found that the plaintiff's claims "arise solely under FEGLIA." *Id.* at 187–88. The court did not specify whether it found ordinary conflict preemption or complete preemption in *Bennett*. However, in *Moon*, the Fourth Circuit made clear that ERISA § 514 establishes ordinary conflict preemption. 498 F. App'x at 272. Moreover, the *Bennett* court examined the preemption issue before proceeding to a discussion of subject matter jurisdiction, rather than as part of that analysis. *See* 683 F. App'x at 188. Given the presumption against finding complete preemption, *Lontz*, 413 F.3d at 440, the Court cannot conclude that *Bennett* establishes that FEGLIA completely preempts Plaintiffs' state-law claim for negligence or Plaintiffs' state-law claims not raised in *Bennett*.

Though MetLife relies primarily on *Mounts* and *Bennett* for its argument that Plaintiffs' claims pose a substantial federal question, the Court finds that neither of these cases addresses that issue. MetLife concludes its federal question argument by citing to a string of cases in which a federal court found federal law controlled the disposition of a FEGLI claim, or a claim

---

3. In *Bennett*, the court referred to ERISA § 514 by where it is codified, 29 U.S.C. § 1144(a).

under a similar program. The Court agrees with Plaintiffs that none of these cases is on point. Rather, in each case, the plaintiff asserted a claim under federal law and jurisdiction was not contested. *See Ridgway v. Ridgway*, 454 U.S. 46, 49 (1981) (decedent's ex-wife and surviving spouse both asserted rights under Servicemen's Group Life Insurance policy in state court); *Metropolitan Life Ins. Co. v. Christ*, 979 F.2d 575, 576 (7th Cir. 1992) (policy issuer filed interpleader action to determine proper beneficiary of FEGLI policy that lacked a named beneficiary); *Prudential Ins. Co. of America v. Tull*, 690 F.2d 848, 848 (4th Cir. 1982) (policy issuer filed an interpleader action to determine beneficiary of Servicemen's Group Life Insurance policy); *United States v. Burns*, 103 F. Supp. 690, (D. Md.), *aff'd*, 200 F.2d 106 (4th Cir. 1952) (per curiam) (United States filed interpleader action to determine proper beneficiary of a National Service Life Insurance policy).

The Court agrees with Plaintiffs that this case is more like *Parker v. Metropolitan Life Insurance Co.*, 264 F. Supp. 2d 364 (D.S.C. 2003). In *Parker*, the plaintiff filed a claim in state court arguing that, as the decedent's daughter, she was entitled to the proceeds of decedent's FEGLI policy, which MetLife had paid to a person who claimed she was decedent's common-law wife. *Id.* at 366. As here, the plaintiff agreed that FEGLIA controlled the order of precedence of payments under the policy. *Id.* The Court held that the "real issues in this case are whether MetLife was negligent in paying or whether [the alleged common-law wife] fraudulently obtained the FEGLI proceeds. The resolution of these tort claims and the issues raised in these claims involves the application of state law solely." *Id.*; *see also Meriwether v. Metropolitan Life Ins. Co.*, No. 3:16–cv–02463, 2017 WL 6442141, at *4–5 (M.D. Tenn. December 18, 2017) (finding no jurisdiction to consider state-law negligence claim involving a FEGLI policy). Similarly, Plaintiffs' second cause of action asserts that, if Defendant Rodriguez

8

was entitled to a share of the policy payments, MetLife was negligent in paying Plaintiffs and representing that they were the sole beneficiaries. The Court finds that Plaintiffs' negligence cause of action is likewise a matter of state law.

Though *Parker* did not address a breach of contract claim like Plaintiffs' first cause of action, a New York district court addressed exactly this issue and found that "the heart of the instant action" was "only a breach of contract action between private litigants." *Kittner v. Metropolitan Life Ins. Co.*, No. 01–CV–0146E(SR), 2001 WL 388754, at *2 (W.D.N.Y. Apr. 13, 2001). The court acknowledged that "federal statutes and regulations may ultimately be looked to at some point in this litigation," but held that the claim "require[d] only an interpretation of the FEGLIA policy and such interpretation is guided by state law." *Id.* Consequently, the court remanded the case to state court. *Id.* at *3. Plaintiffs' contract cause of action is similarly subject to state law, despite the fact that its resolution may involve the application of FEGLIA or federal regulations.

Because each of Plaintiffs' claims asserts a state-law claim and because MetLife has not shown that these causes of action were created by FEGLIA or turn on a substantial question of federal law, MetLife has not established that the Court has federal question jurisdiction. As a result, remand is appropriate.

## II. Whether Plaintiffs' Claims Are Preempted

Though MetLife's federal question argument erroneously relies on cases involving ordinary conflict preemption, it separately argues that Plaintiffs' state-law claims are preempted by *Hillman v. Maretta*, 569 U.S. 483 (2013). As discussed above, only complete preemption would give this Court jurisdiction to consider Plaintiffs' claims. Like many of the other cases MetLife cites, *Hillman* held that a state law was preempted when applied to a FEGLI policy

9

because the law would create a different order of payment precedence than the one provided by FEGLIA, triggering FEGLIA's conflict preemption provision. *Id.* at 494–497. As with *Mounts*, jurisdiction was not at issue (indeed, the claim was filed in state court and came to the Supreme Court on appeal from the Virginia Supreme Court). *Id.* at 489. For the reasons discussed above with regard to *Mounts*, *Hillman* demonstrates that Plaintiffs' slayer statute claim may be preempted, but it is a matter of ordinary conflict preemption and not complete preemption. Because MetLife has not established that any of Plaintiffs' claims are completely preempted, they have not demonstrated that there is federal question jurisdiction.

## **CONCLUSION**

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to remand is **GRANTED**. The case is hereby remanded to the Dorchester County Court of Common Pleas.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 12, 2018**
**Charleston, South Carolina**